IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CAITLIN A. AKERS, as Administratrix of the Estate of Adam Schloer, Deceased**,

*Plaintiff,*

v.

**KUBOTA MANUFACTURING OF AMERICA CORPORATION et al.**,

*Defendants.*

**Case No. 2:24-cv-02707-JDW**

### MEMORANDUM

A plaintiff is the master of her complaint. She can decide who to sue and what claims to assert. Many factors guide that decision, including the forum where she wants to pursue her claims. The claims and the defendants can impact issues of personal jurisdiction, subject matter jurisdiction, and venue. There's nothing wrong with lawyers thinking about these issues and being strategic in the choices they make if they perceive one forum as more favorable than another for a certain claim. And courts typically give considerable deference to a plaintiff's choice of forum.

That's what happened here. Caitlin Akers is pursuing claims arising out of her husband's death while operating heavy machinery at a golf course that he owned through a single-member limited liability company. Ms. Akers sued in state court, asserts claims under state law, and named at least one non-diverse defendant, so the case on its face

belongs in state court. One defendant, Frost, Inc., thinks Ms. Akers's efforts to stay out of federal court go too far and cross the line into fraudulent joinder. In other words, Frost believes that Ms. Akers brought spurious claims against a nondiverse defendant just to duck diversity jurisdiction. While Frost might be right that Ms. Akers sued the LLC so that she could keep her claims in state court, Frost has not shown that her claims against the LLC aren't viable. I will therefore grant Ms. Akers's motion to remand this case to the Philadelphia Court of Common Pleas.

I.   **BACKGROUND**

Ms. Akers's late husband, Adam Schloer, was the sole member of Heritage Creek Golf Club, LLC. On April 20, 2023, he was fertilizing the company's golf course using a vehicle that Kubota manufactured, Frost modified, and Heritage Creek owned. While he operated the vehicle, its bed and water tank descended on him and caused fatal injuries. At the time of his death, Mr. Schloer was a Pennsylvania resident. Ms. Akers is the administratrix of Mr. Schloer's estate, and she and her minor daughter are its beneficiaries.

On June 6, 2024, Ms. Akers sued Kubota, Frost, and Heritage Creek in the Philadelphia Court of Common Pleas. She asserts three claims against Kubota and Frost: (i) strict products liability; (ii) negligence and/or willful, wanton, or reckless conduct; and (iii) breach of warranties. She also asserts a negligence claim against Heritage Creek and survival and wrongful death claims against all defendants. On June 20, 2024, Frost removed the action to this Court, contending that Ms. Akers fraudulently joined Heritage

Creek. It argues that her claims against Heritage Creek cannot proceed because workers' compensation immunity bars them and because she would be effectively suing herself as the beneficial owner and manager of Heritage Creek.

Ms. Akers filed a Motion to Remand. I held a hearing on September 4, 2024. I permitted limited jurisdictional discovery, and the Parties filed supplemental briefs regarding the Motion. In her supplemental brief, Ms. Akers explained that she is appointing an independent manager of Heritage Creek, who will have the power to defend this lawsuit. The Motion is now ripe for review.

## II.    LEGAL STANDARD

A defendant may remove a civil action if the federal court would have original jurisdiction over the case. *See* 28 U.S.C. § 1441(a). Jurisdiction exists over cases where there is complete diversity between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). A district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995). The removing party carries the "heavy burden of persuasion," and courts must resolve all doubts in favor of remand. *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010, 1012 n.6 (3d Cir. 1987) (citation omitted).

Fraudulent joinder "represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006) (citation omitted). Joinder is fraudulent "if there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* at 216 (quotations omitted). A claim is colorable if it is not "wholly insubstantial and frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). A district court considering alleged fraud "must focus on the plaintiff's complaint at the time the petition for removal was filed" and accept the complaint's factual allegations as true. *Id.* at 851–52 (quotations omitted). The court must also resolve any uncertainties about the controlling substantive law in the plaintiff's favor. *Id.* at 852 (quotations omitted). Joinder is proper "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants." *Id.* at 851 (quotations omitted).

### III.   ANALYSIS

Ms. Akers is a Pennsylvania citizen. As an LLC, Heritage Creek's members' citizenship define its citizenship. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). When an estate is a member of an LLC, the citizenship is that of the decedent. *See Golden ex rel. Golden v. Golden*, 382 F.3d 348, 352 n.1 (3d Cir. 2004). So, when Mr. Schloer died, his Heritage Creek units passed to his estate, and the LLC

remained a Pennsylvania citizen. Although Frost argues that Ms. Akers fraudulently joined Heritage Creek as a defendant, it has not made the required showing for that argument.

### A. Workers' Compensation Immunity

Frost argues that Ms. Akers's negligence claim against Heritage Creek isn't colorable because the LLC is immune under the Pennsylvania Workers' Compensation Act. Frost might ultimately be right, but it hasn't shown that workers' compensation immunity is "so clearly controlling" as to render Ms. Akers's claim against Heritage Creek "wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 853. Frost contends that Mr. Schloer was acting as an employee of the LLC at the time of the accident and that the PWCA, which covers employees, applies. Ms. Akers argues that Mr. Schloer was not an employee of the LLC and never opted into workers' compensation coverage, so immunity does not apply. Neither party has demonstrated that Pennsylvania law definitively supports its interpretation of the PWCA. Frost observes that "no court has ever interpreted" a potentially relevant portion of that Act. (ECF No. 32 at 7.) Given the uncertainty around whether Mr. Schloer needed to opt into workers' compensation coverage, whether he was an employee, and therefore whether Heritage Creek is immune, I cannot say that immunity so clearly controls as to make Ms. Akers's claim frivolous. And I must resolve any uncertainties in substantive law in favor of remand.

Whether workers' compensation immunity applies is for a Pennsylvania court to decide, but it's not frivolous to claim it does not.

### B.     Lack Of Real Intention To Prosecute

Frost also argues that Ms. Akers can't intend to sue Heritage Creek. The logic is that Mr. Schloer's estate is the sole member of Heritage Creek, and Ms. Akers is a beneficiary of the estate, so Ms. Akers is, in effect, Heritage Creek's beneficial owner. And, Frost says, Ms. Akers has no reason to sue herself, so Ms. Akers must have joined Heritage Creek to defeat diversity. But the logic doesn't quite hang together.

As Frost acknowledged at the hearing, if Heritage Creek has insurance, Ms. Akers has an incentive to pursue Heritage Creek to recover those insurance proceeds. Although Heritage Creek's insurer has denied coverage, that's not necessarily the end of the story, as any lawyer knows. If Ms. Akers obtains a judgment against Heritage Creek, then either she or Heritage Creek can pursue the insurer for indemnity. And, in the meantime, Ms. Akers is handing control of Heritage Creek to an independent manager and the LLC has hired counsel to defend the lawsuit. This all demonstrates some separation between Ms. Akers and Heritage Creek.

There's no doubt that Ms. Akers's chances of recovering on a claim against Heritage Creek are low. And she has two deeper pockets in the case in Kubota and Frost. All of that suggests that there might be merit to Frost's suspicions about Ms. Akers's motive for maintaining her claim against Heritage Creek. But "[t]he fact that the [plaintiff's]

motive for joining a ... defendant is to defeat diversity is not considered indicative of fraudulent joinder." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985). "The sole question is whether there is a potentially viable claim against the non-diverse defendant[]." *Chaborek v. Allstate Fin. Servs., LLC*, 254 F. Supp. 3d 748, 753 (E.D. Pa. 2017). Ms. Akers's claim against Heritage Creek might not be the most collectible in the case, but I can't say that it lacks viability or that she doesn't intend in good faith to pursue it. I therefore have no basis to find fraudulent joinder.

### C. Motion To Strike Exhibit

Frost filed a motion to strike an exhibit from Ms. Akers's supplemental brief regarding remand. (*See* ECF No. 34.) Because that exhibit did not affect my decision, I will deny Frost's Motion as moot.

## IV. CONCLUSION

Ms. Akers might have been strategic in deciding which defendants to sue in this case, but that just demonstrates strategic lawyering, not fraudulent joinder. Because I can't say that her claims against Heritage Creek aren't viable, I will remand this case to the Court of Common Pleas of Philadelphia County. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

February 13, 2025